# CIRCUIT COURT OF BALTIMORE CITY.

Filed December 28, 1906.

JAMES M. FISHER ET AL.
VS.
CONWAY W. SAMS ET AL.

*John F. Williams* and *John Philip Hill* for plaintiffs.

*Edgar Allan Poe* for defendants.

STOCKBRIDGE, J.—

The bill in this case is filed by sundry residents of what is known as "The Annex," against the Judges of the Appeal Tax Court, both in their official and individual capacities, to restrain them in either or both capacities from re-rating or classifying certain property in the annexed territory, so as to render the same liable to the regular municipal rate of taxation in lieu of the sixty cent rate, which under the terms of the Act of 1888, as defined by the Act of 1892, applies to such property when the physical conditions resulting from the opening, grading and paving of streets, avenues, lanes and alleys and the erection of improvements has been such as to bring the property under the operations of the taxing provisions of the Act of 1888.

The bill in this case nowhere alleged, but what by the opening of streets, and the erection of improvements, the property has not been brought fully up to the stage of development contemplated by the Act, and this must, therefore, be deemed to be its present, actual, physical condition. It does, however, affirmatively appear from the bill, and the effect of the demurrer upon the part of the city is to admit that the property of the plaintiffs was at the time of the Annexation Act, and had continued to be down until 1906, in such physical condition as made it liable to assessment only at the sixty-cent rate, until the year 1900, and probably until the year 1906.

The notice issued by the Appeal Tax Court, and filed as an exhibit in this case, is to the effect that on the 31st day of August, 1906, the Appeal Tax Court would consider and hear arguments upon the question of the proper classification of the property.

The present contention in support of the bill, therefore, rests solely upon the power of the Appeal Tax Court to "classify" the property at all. There can, of course, be no contention that the gentlemen who constitute that court have any right or power to do such acts individually. The act is one, which, if done by them at all, can only have a legal and binding force as an official act, by virtue of the tribunal which they constitute being an agency of the city government.

It needs no citation of authorities for the proposition that an agency, such as the Appeal Tax Court, is a tribunal of limited jurisdiction. It exercises a jurisdiction expressly given by statute, and in all such tribunals the rule is uniform, that the powers are to be strictly construed and limited to those which are expressly conferred by the statute creating the tribunal.

The City Charter which provides for the Appeal Tax Court invests it with distinct powers for the assessment and valuation of property, its revaluation from time to time upon notice given to the owners, and makes provision for an appeal from any action which it may take in regard thereto.

If a classification of property is identical with a valuation or assessment, or revaluation or reassessment, then the Appeal Tax Court was vested with the power to do the act to restrain which the bill in this case is filed. But Chief Justice McSherry, in the case of Joesting vs. Baltimore City, 97 Md., 598, said, "the assignment of a particular piece of property to a certain class or category is a totally different thing from its valuation for the purposes of taxation."

Therefore assessment or valuation is not to be regarded as synonymous with classification. A classification of property is nowhere to be found among the enumerated powers of the Appeal Tax Court.

If the Act of 1888 be examined, it is strikingly meagre with regard to matters of taxation of property in the territory proposed to be annexed. The only reference therein contained to the Appeal Tax Court, is to be found in Section 22, by which the power is conferred on the Mayor and City Council in their discretion, to increase the number of judges of said court, but no addition is made to the powers of that tribunal as they had theretofore existed.

Since now it has been declared by so eminent an authority as the present Chief Justice of our Court of Appeals, that assessment and classification are separate and distinct functions, it must necessarily follow that the remedies which are provided by the statute for the citizen who feels himself aggrieved by the assessment or reassessment of his property, can have no operation or effect whatever in regard to an attempt on the part of the Appeal Tax Court to classify or re-classify property, and the position presented is one in which there is no provision whatever of law requiring any notice from the Appeal Tax Court to the owner of its attempted act or intended attempted act with regard to the classification or re-classification of property, nor any appeal whatever provided from any such attempted action of the Appeal Tax Court, no matter how arbitrary or onerous such attempted action may be. The language of Judge Pearce in the case of Poole vs. M. & C. C. of Baltimore City, was to the effect, that the Appeal Tax Court should (in the sense of ought) give suitable notice to the taxpayer. No one will disagree with this statement; but the present question is not what the Appeal Tax Court should do, or whether it has or has not done what it reasonably ought to, but whether there is any provision of law which confers the power it has attempted to exercise, or provides a mode in which such a power is to be exercised.

An examination of the statutes convinces me that there is neither the requisite delegation of power, or rule of conduct prescribed for the exercise of such a power from which its delegation might be inferred, and that therefore the contention of the plaintiffs is well founded.

It presents a case of omission in the statutes undoubtedly, but the mere fact that there has been such an omission on the part of the Legislature affords no justification for the courts

to sanction an attempted exercise of a power, which the Legislature has not either directly or impliedly granted or conferred.

The demurrer will, therefore, be overruled.